IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Randy Thurman and Nathan Minga, individually and on behalf of all others similarly situated, | |
| | CA No.: 14-cv-2344-L |
| Plaintiffs, | |
| v. | |
| All State Fire Equipment of Texas, Inc., n/n/a ASFE Fleet Solutions, | Jury Demanded |
| Defendant. | |

## JOINT STATUS REPORT

Pursuant to the Court's August 26, 2014 Order, counsel for Plaintiffs and counsel for Defendant met by telephone and (1) considered the nature and basis of their claims and defenses, and discussed the possibilities of prompt settlement or resolution of the case; (2) arranged for the initial disclosures required by Rule 26 (a)(1) of the Federal Rules of Civil Procedure; and (3) developed the proposed discovery plan that indicates the parties views and proposals on the matters set forth in Rule 26(f)(1)-(4).

**(1)   A brief statement of the nature of the case, including the contentions of the parties.**

This is an overtime case under the Fair Labor Standards Act ("FLSA").  Plaintiffs claim that Defendant failed to pay Plaintiffs, and other similarly situated employees, overtime wages in violation of the FLSA.  Plaintiffs seek all damages to which they, and other similarly situated employees, are entitled, including, but not necessarily limited to, lost overtime pay, liquidated damages, attorney fees and costs.

The parties are discussing an agreed motion to conditionally certify the case as a collective action and an agreed notice and consent to join form.

If the parties cannot come to agreement on conditional certification and the form of notice and/or consent to join, Plaintiffs will file a Motion for Notice and Conditional Certification and request the Court to conditionally certify the case as a collective action.

Defendant contends that this case is not appropriate for conditional or final certification as a collective action. Defendant denies Plaintiffs' allegations and contends that Plaintiffs and all similarly situated employees were compensated in accordance with the overtime requirements of the FLSA. The Defendant further contends that in the event Plaintiffs are determined to be owed overtime, Defendants' actions were in good faith and were not willful violations of the FLSA.

The parties propose that this case proceed in two phases.

Phase One would be limited to consideration of Plaintiffs' Motion for Notice and Conditional Certification. It is Plaintiffs' burden to present the Court with evidence that similarly situated individuals exist such that conditional certification and notice are warranted. Because Plaintiffs believe they already have sufficient evidence to meet the "lenient" standard for notice, Plaintiffs oppose any formal discovery in Phase One which would unnecessarily delay this case. Defendant is in control of the documents and corporate witnesses who can comment on the issues in the Motion such that Defendant will not suffer any prejudice to its position.

Phase Two of the case would begin immediately after the close of any opt-in period, provided the Court grants any motion for notice and conditional certification, or otherwise

immediately after the Court denies the motion. The parties propose that within 30 days after Phase Two begins, the parties engage in a second Rule 16 conference for the purpose of presenting an agreed proposed scheduling order and case management plan to the Court. The parties may also engage in initial settlement discussions at this time. If the motion is granted, the parties anticipate that once Phase Two commences, the discovery process would likely take an additional 4-6 months to complete, depending in some part on the number of individuals who consent to become opt-in plaintiffs. The parties believe that 4-6 months is a reasonable and necessary amount of time in which to conduct discovery in this case because (1) the parties need adequate time to schedule and take depositions of potential fact witnesses involved in this case; and (2) the Parties need to allow time in which they may conduct written discovery. The proposed second scheduling conference at the beginning of Phase Two will allow the parties to confer with more specific knowledge as to the breadth of this action.

**(2)    Any challenge to jurisdiction or venue.**

None.

**(3) Any pending or contemplated motions and propose time limits for filing motions.**

If the parties cannot come to agreement on conditional certification and the form of notice and/or consent to join, Plaintiffs will request the Court to conditionally certify the case as a collective action.

**(4) Any matters which require a conference with the court.**

None.

**(5) Likelihood that other parties will be joined.**

As Plaintiffs have filed this as a collective action, Plaintiffs believed that if the case is conditionally certified as a collective action, additional individuals will join the case as opt in Plaintiffs.

**(6) (a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery. If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

See response to item number one above.

**(7) A statement that counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the districts Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel for the parties have read the *Dondi* decision and have read and are familiar with the Civil Justice Expense and Delay Reduction Plan.

**(8) Requested trial date, estimated length of trial, and whether a jury has been demanded.**

The parties request a trial date in May 2015. The estimated length of trial is three days. A jury has been demanded.

**(9) Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge Irma C. Ramirez as per 28 U.S.C. § 636(c). The parties are to simply state that they consent her do not consent to trial before the magistrate judge. The court does not wish to know the identity of the party refusing to consent. See Fed. R. Civ. P. 73(b).**

The parties consent to a jury trial before United States Magistrate Judge Irma C. Ramirez as per 28 U.S.C. § 636(c).

**(10) Prospects for settlement, and status of any settlement negotiations.**

The parties are discussing settlement but it appears discussions will be more productive after limited discovery regarding the nature of the employee's job duties and the documentation of hours worked.

**(11)** **Whether the parties would agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

The parties believe that mediation would be appropriate after limited discovery concerning

the nature of the employee's job duties and the documentation of hours worked.

**(12)** **Any other matters relevant to the status and disposition of this case.**

The Parties request that the Court enter a formal Scheduling Order after the second Rule

16 conference discussed in Section 1 above.

Respectfully submitted:

The Law Office of Chris R. Miltenberger, PLLC


By:      */s/ Chris R. Miltenberger*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
        Chris R. Miltenberger
        Texas State Bar Number 14171200

1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiffs Randy Thurman and
Nathan Minga

/s /Claudine G. Jackson
Claudine G. Jackson
cjackson@belaw.com
Texas State Bar No. 00793800
Joseph F. Cleveland, Jr.
jcleveland@belaw.com
Texas State Bar No. 04378900

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: 817/338-1700
Facsimile: 817/870-2265

Attorney for Defendant, All State Fire
Equipment of Texas, Inc., n/n/a ASFE Fleet
Solutions

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  Notice will be electronically mailed by the ECF system to Claudine Jackson, counsel for Defendant.

By:  /s/ Chris R. Miltenberger

Chris R. Miltenberger